IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. MEISTER,

    Plaintiff,

vs.                                                        No. CV 03-227 JB/RHS

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Stay Proceedings, filed November 25, 2003 (Doc. 28). The primary issue is whether the Court should stay this case until the *Pro Se* Plaintiff, Michael A. Meister, retains an attorney. Because the Court determines that the Plaintiff has had an adequate opportunity to retain new counsel and that a stay would be inequitable to the Defendant, the Court will deny the motion for a stay.

## BACKGROUND

Michael Meister ("Meister") filed this lawsuit against Defendant Public Service Company of New Mexico ("PNM") on February 20, 2003, contending that PNM discriminated against him on the basis of his race (Caucasian). See Complaint for Discrimination in the Work Place and Breach of Contract, filed February 20, 2003 (Doc. 1). Meister also alleges that PNM breached a contract to provide him with "classroom instruction and ample time to study and prepare for any tests" necessary to complete the Auxiliary Operations Apprenticeship. Complaint ¶¶ 6-7, at 1-2. PNM filed its answer within thirty days of service, on March 24, 2003. See Answer to Complaint for Discrimination in the Work Place and Breach of Contract, filed March 24, 2003 (Doc. 5).

PNM served its initial disclosures on July 15, 2003.  On July 21, 2003, the Court entered the Initial Pre-Trial Report.  PNM served its first set of interrogatories and requests for production upon Plaintiff's former attorney, Andrew Mills, on July 29, 2003.  Because Meister failed to provide initial disclosures or respond to PNM's discovery requests, on October 3, 2003, PNM filed a Motion to Compel.  On November 17, 2003, the Honorable Robert H. Scott, United States Magistrate Judge, granted PNM's Motion to Compel and ordered Meister to provide his initial disclosures and respond to PNM's discovery requests on or before December 12, 2003, at 5:00 p.m.  See Order Granting Defendant's Motion to Compel, filed November 17, 2003 (Doc. 26).  Although Meister's former attorney, Mr. Mills, filed a certificate of service for the Plaintiff's Answers to Interrogatories on November 26, 2003, defense counsel represents that it has never received those responses.  See Certificate of Service, filed November 26, 2003 (Doc. 27).

On September 9, 2003, PNM filed its Motion for Summary Judgment and accompanying affidavits, seeking dismissal with prejudice of all of Meister's claims.  To date, Meister has not filed a response to the Motion for Summary Judgment.  On October 3, 2003, PNM filed its Motion to Dismiss Meister's lawsuit with prejudice, noting Meister's multiple failures to respond to PNM's motions or to prosecute his claims.  Meister filed a response to the Motion to Dismiss on December 15, 2003.

This case was transferred from the Honorable Alan C. Torgerson, United States Magistrate Judge, to Judge Browning on October 23, 2003.  On October 27, 2003, the Clerk's Office notified Judge Browning that the State Bar of New Mexico had suspended Mills indefinitely by order of the Supreme Court of New Mexico.  Mills is thus ineligible to practice in federal court.  The October 30, 2003 issue of the New Mexico Bar Bulletin noted Mills suspension.

On November 17, 2003, the Honorable Robert H. Scott, United States Magistrate Judge, ordered Meister to "enter his appearance *pro se* or obtain substitute counsel on or before December 1, 2003, at 5:00 p.m." Order Granting Defendant's Motion to Compel. On November 25, 2003, Meister, from his home in Tennessee, filed his entry of appearance *pro se*. By letter dated that same date, Meister wrote the Honorable Robert H. Scott, United States Magistrate Judge:

> I have just learned that the Lawyer I retained in this case Andrew D. Mills has been suspended by the New Mexico state bar association. I have been in search [o]f finding a Lawyer to replace Mr. Mills. However I can not afford one at this time and I ask the court to please appoint a Lawyer to my case. At this time I am making a entry of appearance as Pro Se. I also ask the court to grant me a stay until I can find a Lawyer to represent me in this case.

Letter from Michael Meister to Judge Scott (dated November 25, 2003).

On November 26, 2003, the Court asked its Pro Bono Committee to consider appointing an attorney for Meister on the basis that the state bar had suspended Meister's counsel and that Meister entered a pro se appearance. To date, the Committee has not appointed an attorney for Meister. Meister, however, is free to pursue this option independently.

By Minute Order entered December 1, 2003, the Court ordered that Meister's *pro se* entry of appearance be treated as his motion to stay proceedings in this matter. See Minute Order, filed December 1, 2003 (Doc. 29). The Court also ordered PNM to file a response no later than December 12, 2003. The Court further ordered Meister to file his reply no later than December 29, 2003. The Court set a hearing on this motion for January 6, 2004. Because the Court has a trial that is expected to be in session on January 6, 2004, the parties, by agreement, moved the hearing to December 31, 2003.

Meister's motion requests an indefinite stay of proceedings. At oral argument, however,

Meister suggested that he may be able to retain counsel within the next thirty days. In support of his motion, Meister reminds the Court that he did not decide to remove Mills as counsel and asserts that he needs time to prepare for trial or, in the alternative, to retain new counsel. Meister contends that PNM will not be unduly prejudiced by the short delay and that judicial economy will be served by granting him a stay.

## ANALYSIS

In the Tenth Circuit, "[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket." Pet Milk Co. v. Ritter, 323 F.2d 586, 588 (10th Cir. 1963)(citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). The Supreme Court of the United States, however, requires that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis v. North American Co., 299 U.S. at 255. "The granting of the stay ordinarily lies within the discretion of the district court." Pet Milk Co. v. Ritter, 323 F.2d at 588.

A stay of proceedings would be inequitable to PNM. The Defendant has an interest in proceeding expeditiously to the conclusion of this litigation and avoiding unnecessary litigation expenses. Meister has not responded to one of the two pending dispositive motions or ensured that PNM received responses to discovery requests. These failures have delayed the conclusion of this litigation for PNM and prevented PNM from fully preparing its case. The Court does not believe further delay would be a prudent course.

A stay would be inequitable because PNM has already incurred defense costs and attorney's fees, and will continue to incur such expenses, while it contends that Meister's claims are without

merit. PNM asserts that the facts are not disputed and that the Court can take the facts largely from documents that Meister signed. PNM argues that there is no question that Meister did not exhaust his administrative remedies in pursuing the grievance procedure set by the collective bargaining agreement ("CBA") between PNM and Meister's union.

PNM also argues that the CBA and federal labor law preempt Meister's contract claim. PNM further maintains that no dispute exists that Meister fell behind in his apprenticeship testing schedule and that there is no support for the existence of any contract whereby PNM agreed to provide Meister with additional study time. PNM also contends that there is no question that Meister was provided much more instruction, many more re-testing opportunities, and much more time than others in the apprenticeship program, after several failures on Meister's part to meet the program's minimum requirements.

PNM also points out that this is the second lawsuit, based upon the same circumstances, which Meister has filed in this Court. See Complaint for Racial Discrimination in the Work Place, filed March 20, 2002 (United States District Court, District of New Mexico, Civ. No. 02-311)(Doc. 1). The Honorable William P. Johnson dismissed the first lawsuit sua sponte for want of prosecution. See Memorandum Opinion and Order, filed August 12, 2002 (Civ. No. 02-311)(Doc. 2). Meister then re-filed the same discrimination claims. PNM contends that the 90-day statute of limitation established by Meister's receipt of his right-to-sue letter from the EEOC has expired, barring Meister's discrimination claim as a matter of law. PNM argues that the Court should dismiss Meister's claims immediately.

Meister has not shown good cause for a stay or why the stay would be reasonable under these circumstances. A stay of proceedings would not promote public welfare or convenience, as discussed

in <u>Landis v. North American Co.</u>, 299 U.S. at 256. Nor is there any need to delay the current proceeding on account of a concurrent and related proceeding or an appeal, as discussed in <u>Landis v. North American Co.</u>, 299 U.S. at 254 and <u>Pet Milk Co. v. Ritter</u>, 323 F.2d at 588. None of the bases for stays addressed in rule 62 of the Federal Rules of Civil Procedure exist. <u>See</u> Fed. R. Civ. P. 62 (discussing situations in which stay may be appropriate).

Meister's primary, if not sole, basis for seeking a stay is to obtain new counsel. Before Mills' suspension, however, Meister had several months to provide initial disclosures and respond to PNM's discovery requests, which were served in July, 2003. PNM served its motion for summary judgment nearly two months before Mills' suspension. Meister had sufficient time in which to respond to PNM's filings before the New Mexico bar suspended Mills from practice. The Court should not require PNM to suffer additional delay resulting from opposing counsel's actions or omissions. Moreover, Meister has had sufficient time in which to find an attorney to replace Mills, who was suspended effective October 30, 2003. Judge Scott ordered Meister to submit an entry of appearance *pro se* or obtain new counsel almost six weeks ago.

While the Court will deny this motion, if Meister retains counsel, he may renew this motion. Given, however, that there is no present prospect that Meister will retain new counsel, there is no reason to delay the case awaiting something that may not happen. If counsel appears, that appearance may change the circumstances.

PNM requests that the Court dismiss Meister's claims for the reasons stated in its response to the instant motion, in its Motion for Summary Judgment, and in its Motion for Dismiss. While the Court will not dismiss Meister's case at this stage, the Court will set a hearing on all pending motions for January 22, 2004. The Court will also allow Meister additional time, through and including

January 9, 2004, to respond to any pending motions to which he has not yet responded. While this obviously reduces the time that PNM will have to file any replies, this schedule will be fair to Meister and move this case toward resolution.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Stay will be denied.

_____
UNITED STATES DISTRICT JUDGE

Michael A. Meister
Paris, Tennessee

    Plaintiff *Pro Se*

Robert C. Conklin
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    Attorney for the Defendant